| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------X<br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.<br><br>                                    Plaintiffs<br><br>       -against-<br><br>NORTHERN MEDICAL CARE, P.C., et al.,<br><br>                                    Defendants.<br>-------------------------------------------------------------------X | Civil Action No.:<br>1:20-cv-01214(RRM)(SMG)<br><br>**NOTICE OF MOTION<br>TO QUASH NON-PARTY<br>SUBPOENA** |

To: All Counsel of Record

**PLEASE TAKE NOTICE** that counsel for non-party QUEENS CORONA MEDICAL P.C. (Movants), on a date and time to be set by the Court, shall move the Court to quash the subpoena issued by Plaintiff's counsel to JP Morgan Chase Bank, N.A. pursuant to FRCP 45; for a protective order pursuant to FRCP 26 suppressing all documents and information obtained by Plaintiff via the Subpoena(s) sought to be quashed herein; and for such other and further relief (the motion).

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, Movants will rely on the accompanying memorandum of law and affirmation of David S. Dender Esq.

Dated: Huntington Station, New York
       October 9, 2020

                                                         <u>/s/ David S. Dender</u> (MZ 2076)
                                                         David S. Dender, Esq.
                                                          Zimmerman Law, P.C.
                                                          Attorneys for non-party
                                                          QUEENS CORONA MEDICAL, P.C.
                                                          And the Defendants
                                                          *NORTHERN MEDICAL CARE, P.C. and OMAR F. AHMED. M.D.*
                                                          315 Walt Whitman Road, Suite 215
                                                          Huntington Station, NY 11746
                                                          Tel.: 631-415-0900

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE COMPANY,          Civil Action No.:
et al.                                           1:20-cv-01214(RRM)(SMG)

                            Plaintiffs,
          -against-

NORTHERN MEDICAL CARE, P.C., et al.,

                            Defendants.
-----------------------------------------------------------------------X
```

### NON-PARTY QUEENS CORONA MEDICAL, P.C., MOTION TO QUASH THE SUBPOENA ISSUED TO JP MORGAN CHASE BANK, N.A. AND FOR A PROTECTIVE ORDER AND SUPPORTING MEMORANDUM OF LAW

David S. Dender, Esq., an attorney duly admitted to practice law in the Courts of the State of New York, affirms the truth of the following pursuant to the penalties of perjury:

1. I am an associate attorney with ZIMMERMAN LAW, P.C., attorneys for non-party QUEENS CORONA MEDICAL, P.C. My firm also represents Defendants, NORTHERN MEDICAL CARE, P.C. and OMAR F. AHMED, M.D. (hereinafter the "Northern Defendants"). I have reviewed the case file maintained in my office and as such, I am fully familiar with the facts and circumstances surrounding this action.

2. This Affirmation and Memorandum is submitted on behalf of QUEENS CORONA MEDICAL PC in support of the within Motion: 1) seeking to quash the non-party Subpoena served by Plaintiff's attorneys on JP Morgan Chase Bank, N.A., which seeks the production of QUEENS CORONA MEDICAL PC's bank records, and any other subpoenas issued by Plaintiff's counsel in this action of which your Affiant was not notified; 2) for a Protective Order; and 3) for such other and further relief as this court deems just and proper.

## BACKGROUND AND PROCEDURAL HISTORY

3. Plaintiffs commenced this action on or about March 5, 2020. See **Exhibit "A".** The Court should note from the outset that <u>QUEENS CORONA MEDICAL P.C. is not a defendant in this action</u>. Copies of the Defendants' respective answers are annexed hereto as:

**Exhibit "B"-** Northern Medical Care, P.C. and Omar F. Ahmed, M.D**.;**

**Exhibit "C"-** Queens Wellness Medical P.C. and Madhu Babu Boppana, M.D**.;**

**Exhibit "D"** – Wei Dao Acupuncture, P.C., Boruch Laosan, Inc., and Igor Mayzenberg, Lac; and

Note, to date, upon information and belief, Restoralign Chiropractic, P.C. and David S. Krasner, D.C. have not interposed an answer.

4. On or about October 8, 2020, QUEENS CORONA MEDICAL P.C. notified my office that they received correspondence from JP Morgan Chase Bank, N.A. dated September 29, 2020 which informed them that JP Morgan Chase Bank, was served with a Subpoena to produce QUEENS CORONA MEDICAL P.C.'s bank records for the period, January 1, 2015 to the Present, as follows:

> All documents related to account number XXXX5220 as well as any account that has been maintained by
>
> Queens Corona Medical, P.C.
>
> including copies of all deposit and/or withdrawal slips (including offsets), deposits,, cancelled checks, transaction statements, electronic fund transfers, wire transfers, account ledgers, account formation and governance documents, corporate resolutions, signature cares, power of attorney and all correspondence related to the accounts

A copy of the notice from JP Morgan Chase Bank, addressed to QUEENS CORONA MEDICAL, P.C. and the subpoena and rider are attached hereto as **Exhibit "E"**.

5. To date, no discovery has taken place in this action and the matter was recently on for an initial conference on October 1, 2020.

6. On October 9, 2020 my office discussed the subpoena with Plaintiff's counsel, Garin Scollan Esq. and requested that same be withdrawn as it is improper and seeks the production of documents which are immaterial, irrelevant, intrusive, unduly burdensome and are intended to harass QUEENS CORONA MEDICAL, P.C.

7. Mr. Scollan indicated he would not withdraw the Subpoena.

## *MEMORANDUM OF LAW*

### I. PLAINTIFF'S SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS IRRELEVANT, OVERLY BROAD AND UNNECESSARY DOCUMENTS and IS INTENDED TO HARASS QUEENS CORONA MEDICAL, P.C.

8. FRCP 26 (b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,".

9. FRCP Rule 45(d)(3) ***Quashing or Modifying a Subpoena,*** provides,

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or**
**(iv)** subjects a person to **undue burden**.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i) disclosing a trade secret or other confidential research, development, or commercial information;**

10. FRCP 45(d) calls upon the Court to "quash or modify a subpoena that … subjects a person to undue burden" and/or seeks confidential commercial information. In response to a motion to quash, the party issuing the subpoena bears the burden of demonstrating that the information it seeks from a non-party is "relevant and material to the allegations and claims at issue in the proceedings." Sky Med. Supply Inc. v SCS Support Claim Servs., 2017 U.S. Dist. LEXIS 43668, at *9 (E.D.N.Y. Mar 24, 2017) (citation omitted) (Tomlinson, M.J.). A subpoena that pursues material with little apparent or likely relevance to the subject matter… is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." Kirschner v. Klemons, 2005 U.S. Dist. LEXIS 9803, at *6 (S.D.N.Y. May 19, 2005) (internal quotation marks and citations omitted).

11. The Court must balance the need for the information against the injury which may result from its disclosure. Centurion Industries, Inc. v. Warren Steurer and Associates, 665 F.2d 323, 325 (10th Cir.1981). If a subpoena subjects a person to undue burden, then it must be **quashed** by the Court. FRCP 45(c)(3)(A)(iv). That is, "*[e]ven if relevant,* discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1323 (Fed.Cir.1990) (emphasis in original).

12. Only once the issuing party demonstrates objective relevance must the movant show "that the subpoena is overbroad, duplicative or unduly burdensome." Catlin Syndicate 2003 v. Traditional Air Conditioning, Inc., 2018 U.S. Dist. LEXIS 48859, at*12 (E.D.N.Y. Mar. 23, 2018) (Shield. M. J.). The burdensomeness analysis depends on factors to be considered by the Court including: (1) relevance of the information requested; (2) the need of the party for the

documents; (3) the breadth of the discovery request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Giugliano v. FS2 Capital Partners, LLC, 2016 U.S. Dist LEIS 45925, at *8 (E.D.N.Y. Mar 31, 2016) (Tomlinson, M.J.).   Precourt v. Fairbank Reconstruction Corp., 280 F.R.D. 462, 467 (D.S.D. 2011).

13. When a **non-party** is subpoenaed, however, the Court is "particularly mindful" of Rule 45's undue burden and expense cautions. Miscellaneous Docket Matter No. 1, 197 F.3d at 927 ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs").

14. With the 2015 amendments to Rule 26, the Rule 45 analysis has changed sharply. See Edebali v. Bankers Std. Ins. Co., 2017 U.S. Dist. LEXIS 110665, at *10 (E.D.N.Y. July 17, 2017) Tomlinson, M.J.). (Relevance in this [Rule 45] context is subject to the over-arching relevance requirement outlined in Rule 26(b)(1).")  The new Rule 26 supplements the standalone "relevant to any party's claim or defense" standard with a requirement that discoverable information be not only relevant but also "proportional to the needs of the case." FRCP 26(b)(1); Sibley v. Choice Hotels Int'l, 2015 U.S. Dist. LEXIS 170734, at *6 (E.D.N.Y. Dec. 22, 2015) (Shields, M.J. ) (reviewing the amended Rule 26 and finding that "the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated"). Although not a wholesale revision, the new Rule 26 "constitutes[s] a reemphasis on the importance of proportionality in discovery." Vaigasi v. Solow Mgmt. Corp., 2016 U.S. Dist. LEXIS 18460, at *43 (S.D.N.Y. Feb 16, 2016).

15. Similarly, New York State courts have equally protected non-parties from irrelevant and overly broad discovery demands.  Appellate Term determined that the Trial Court

properly quashed the subpoena duces tecum where the documents and information sought were not relevant and material to the facts at issue in the action. Keyspan Gas East Corp., v. Thomas Curley Plumbing & Heating, Inc., N.Y. Slip. Op. 50525(U) (N.Y. Sup. App. Term, 2002). See also, Valdez v. Sharaby, 258 A.D.2d 458 (2nd Dept. 1999).  Where the Plaintiff's discovery demands were overly broad and irrelevant the Trial Court held such discovery demands to be palpably improper and denied the Plaintiff's Motion to compel the Defendant to comply with and produce the documents demanded in the Plaintiff's discovery demand. Rauchwerger v. North Shore University Hospital, 18 Misc.3d 1105(A) (Nassau Sup., 2007).

16. In this case, the Plaintiff's Subpoena addressed to JP Morgan Chase Bank, directs JP Morgan Chase Bank, to produce to the Plaintiff's counsel for the period "January 1, 2015 to the Present":

> All documents related to account number XXXX5220, as well as all documents related to any account that has been maintained by
>
> **Queens Corona Medical PC**
>
> including all deposit and/or withdrawal slips (including offsets), deposits, cancelled checks, transaction statements, electronic fund transfers, wire transfers, account ledgers, account formulation and governance documents, corporate resolutions, signature cards, powers of attorney and all correspondence related to the accounts."   (See **Exhibit "E"**.)

17. Bank records are private and confidential. Plaintiff's Subpoena fails to provide even an iota of relevance to the instant litigation.  The Subpoena requests nearly every imaginable type of document that could possibly be in JP Morgan Chase Bank's possession for a period in excess of 69 months without any explanation of the relationship of said documents to the instant litigation. Accordingly, the Court should quash it. Ackermann v. New York City Dep't of Info. Tech & Telecomms., 2010 U.S. Dist. LEXIS 28537, at *4 (E.D.N.Y. Mar 24, 2010) (Bloom, M.J.).

7

18. **QUEENS CORONA MEDICAL P.C. is not a defendant in this action**. QUEENS CORONA MEDICAL P.C is a separate legal entity. As this Court will clearly see from the Complaint (**Exhibit "A"**) and the Answers (**Exhibits "B", "C"** and "**D**"), the banking transactions of QUEENS CORONA MEDICAL, PC. are not at issue in this case are not relevant to the issues in this case and have no likelihood of leading to any relevant discovery in this action.

19. Plaintiff's Subpoena to JP Morgan Chase Bank, N.A. for QUEENS CORONA MEDICAL P.C.'s bank records has no legitimate purpose, is intended to harass the QUEENS CORONA MEDICAL P.C, and **is nothing more than a fishing expedition** and, upon information and belief, serves no purpose but to harass another facility that is not a part of the instant litigation into submission.

20. Accordingly, upon information and belief, the documents which the Plaintiff seeks to obtain through its Subpoena Duces Tecum served on JP Morgan Chase Bank, N.A. are not material and necessary to the Plaintiff's prosecution of this case, are unlikely to lead to any documentation/information relevant to the issues in this case, are overbroad, unduly burdensome, immaterial and irrelevant and therefore pursuant to FRCP 26 are outside the scope of permissible discovery.

21. That, if however, in the unlikely event this honorable Court would deny the instant application, and if the Court was inclined to order the disclosure, then it is respectfully submitted said disclosure should be in some limited fashion or done in an in camera review.

22. Therefore, it is respectfully requested that this Court quash the Plaintiff's Subpoena to JP Morgan Chase Bank, N.A. and any other Subpoenas issued by Plaintiff's counsel in this action of which your Affiant's office was not properly noticed and thus is unable to ascertain the

relevancy and legitimacy thereof, as such Subpoena(s) is/are palpably improper, overbroad, unduly burdensome and seek irrelevant and immaterial documentation.

## II. A PROTECTIVE ORDER SHOULD BE ISSUED PURSUANT TO FRCP 26 SUPRESSING THE USE OF DOCUMENTS OBTAINED PURSUANT TO THE SUBPOENA(S)

23. "The decision to enter a protective order is within the court's discretion and does not depend on a legal privilege." Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1548 (11th Cir. 1985). Rule 26 of the Federal Rules of Civil Procedure provides that, upon a showing of good cause, a federal trial court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P 26(c) (2018). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." Auto-Owners Ins. Co., 231 F.R.D. at 429-30 (quoting U.S. v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

24. In the instant action, QUEENS CORONA MEDICAL P.C. has standing to not only quash the subpoena served on JP Morgan Chase Bank, N.A., but also has the right to have a protective order issued with respect to their private bank accounts, statements and checks etc. as requested. As indicated, they are not a party to the instant action and a separate legal entity. There has been no discovery in this action and therefore, the Plaintiff's attempt to obtain a non-party's bank and financial information is nothing more than a fishing expedition. If this Court were to allow such discovery without any evidentiary basis, it is clearly evident that this would be an

unwarranted and intrusive violation of the non-party's right to privacy with regard to their financial affairs and right to protect their confidential information.

25.    In light of the foregoing circumstances as set forth herein, it is respectfully requested that this Court issue a Protective Order suppressing any information or documents obtained by the Plaintiff as the result of the subject Subpoena issued to JP Morgan Chase Bank., N.A. and any other Subpoenas Plaintiff's counsel may have served in this action without giving proper notice thereof to your Affiant's office.

**WHEREFORE**, it is respectfully requested that this Court grant the within Motion for an Order: 1) pursuant to FRCP 45 quashing the Subpoena issued by Plaintiff's counsel to JP Morgan Chase Bank, N.A.; and any other Subpoenas issued by Plaintiff's counsel in this action of which Defendants' counsel was not notified; 2) pursuant to FRCP 26 granting a Protective Order suppressing all documents and information obtained by Plaintiff via the Subpoena(s) sought to be quashed herein; 3)  granting such other and further relief as this Court deems just and proper.

Dated:  Huntington Station, New York
            October 9, 2020

/s/ David S. Dender_____
David S. Dender, Esq. (DSD 2056)
Zimmerman Law, P.C.
Attorneys for non-party
 *QUEENS CORONA MEDICAL, P.C.*

And the Defendants
*NORTHERN MEDICAL CARE, P.C. and OMAR F. AHMED. M.D.*

315 Walt Whitman Road, Suite 215
Huntington Station, NY 11746
Tel.: 631-415-0900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE COMPANY,   Civil Action No.:
et al.                                    1:20-cv-01214(RRM)(SMG)

                    Plaintiffs,

    -against-

NORTHERN MEDICAL CARE, P.C., et al.,

                   Defendants.
-------------------------------------------------------------------X

_____

**NOTICE OF MOTION TO QUASH SUBPOENA and for a PROTECTIVE ORDER**
_____

**ZIMMERMAN LAW, P.C.**
Attorneys for non-party
QUEENS CORONA MEDICAL, P.C.
and the Defendants
*NORTHERN MEDICAL CARE, P.C. and OMAR F. AHMED. M.D*.
315 Walt Whitman Road, Suite 215
Huntington Station, New York 11746
Ph.: (631) 415-0900
Facsimile: (631) 415-0910 (Not for Service of Legal Papers)

_____

**CERTIFICATION BY ATTORNEY:**

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstances, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in subsection (c) of section 130-1.1.

                                          /s/ David S. Dender (DSD 20569
                                           David S. Dender, Esq.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 9th day of October 2020, Non-Party QUEENS CORONA MEDICAL P.C. served the within Motion upon all counsel of record via the Court's Electronic Filing System.

By:    /s/ David S. Dender (MZ 2076)

    ZIMMERMAN LAW, P.C.
    315 Walt Whitman Road, Suite 215
    Huntington Station, New York 11746
    Tel: (631) 415-0900
    E-mail: michael@zimmlaw.com