```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO.,     :
et al.,                                 :
                                        :
                    Plaintiffs,         :         20cv1214 (RRM)
        -v-                             :
                                        :         ORDER
NORTHERN MEDICAL CARE, P.C., et al.,    :
                                        :
                    Defendants.         :
-------------------------------------------------------------------X
```

Steven M. Gold, United States Magistrate Judge:

Plaintiffs have served subpoenas on Citibank and JP Morgan Chase Bank seeking records of Queens Corona Medical P.C. ("Queens Corona" or "movant"). Queens Corona, a non-party, moves to quash both subpoenas, arguing that the information sought by plaintiffs is of limited if any relevance and that production would be unduly burdensome. Dkt. 39, 40.

Plaintiffs, though, have demonstrated that the bank records they seek are "relevant to [their] claim[s]" and "proportional to the needs of the case." Fed. R. Civ. P. 26. Queens Corona is owned by defendant Omar F. Ahmed. Queens Corona Certificate of Incorporation, Henesy Decl. Ex. 4, Dkt. 41-5. Ahmed is named as a defendant in this case and is alleged to be the owner of Northern Medical Care, P.C., which is also named as a defendant. Am. Compl. ¶¶ 12-13, Dkt. 7. The complaint alleges that Ahmed paid substantial fees in return for referrals of accident victims, and that he made these payments at least in part through Queens Corona. Am. Compl. ¶¶ 85-87. Plaintiffs have even provided copies of checks drawn on movant's Citibank and Chase accounts that they contend are examples of the referral fees described in their complaint. Henesy Decl. Ex. 3, Dkt. 41-4. This is more than a sufficient showing of relevance.

Moreover, because the subpoenas it challenges are directed to its banks, Queens Corona will not be required to spend any funds, or time, responding to them. To the extent movant argues that enforcement of the subpoenas will intrude on its privacy, that concern is mitigated byu the fact that the subpoenas seek corporate rather than personal bank records.

Finally, courts in this district have permitted discovery similar to that sought by plaintiffs here. *See, e.g., State Farm Mut. Ins. Co. v. Tabakman*, 2008 WL 4527731, at *2 (E.D.N.Y. Oct. 3, 2008); *State Farm Mut. Ins. Co. v. Accurate Med., P.C.*, 2007 WL 2993840 (E.D.N.Y. Oct. 10, 2007).

For all these reasons, movant's motions to quash are denied.

      SO ORDERED.

      *Steven M. Gold USMJ*
      Steven M. Gold
      United States Magistrate Judge

Dated: November 10, 2020
      Brooklyn, New York

U:\Queens Corona.docx