UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and                                             Docket No.:
GEICO CASUALTY CO.,

                                                                         1:20-cv-01214-RRM-LB

                           Plaintiffs,

      -against-

NORTHERN MEDICAL CARE, P.C.,
OMAR F. AHMED, M.D.,
QUEENS WELLNESS MEDICAL, P.C.,
MADHU BABU BOPPANA, M.D.,
RESTORALIGN CHIROPRACTIC, P.C.,
DAVID S. KRASNER, D.C.,
WEI DAO ACUPUNCTURE, P.C.,
BORUCH LAOSAN, INC., and
IGOR MAYZENBERG, L.AC.,

                         Defendants.
------------------------------------------------------------------X

## DECLARATION OF STEVEN T. HENESY

1.      I am a partner with the law firm of Rivkin Radler LLP and am counsel for Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "GEICO" or "Plaintiffs"), in this action.  I have personal knowledge of the facts set forth in this declaration and would testify as to them in a court of law if called upon to do so.

2.      I submit this declaration on behalf of GEICO in support of its motion by order to show cause against Defendants, Northern Medical Care, P.C. ("Northern Medical"), Omar F. Ahmed, M.D. ("Ahmed"), Restoralign Chiropractic, P.C.,, David S. Krasner, D.C. ("Krasner"), Wei Dao Acupuncture, P.C. , and Igor Mayzenberg, L.Ac.  (collectively, "Defendants"), seeking an Order:

(i)    staying all no-fault collection arbitrations pending before the American Arbitration Association between GEICO and the Defendants, and enjoining the Defendants from commencing any further no-fault insurance collection arbitrations against GEICO, pending the disposition of GEICO's declaratory judgment claim in this action; and

(ii)   enjoining the Defendants from commencing any no-fault insurance collection lawsuits against GEICO, pending the disposition of GEICO's declaratory judgment claim in this action.

3.     Attached as Exhibit "1" is a representative sample of checks issued by Ahmed and Krasner to a series of entities which Plaintiffs' Amended Complaint alleges are part of a larger group of entities – collectively referred to in the Amended Complaint as the "Referral Sources" – that purported to provide legitimate services, but instead were paid by the Defendants in exchange for patient referrals in violation of New York law. These checks total $26,506.18.

4.     Attached as Exhibit "2" is a representative sample of checks issued by Mayzenberg to the Referral Sources and a series of shell companies owned and controlled by Igor Dovman and wife, Tamilla Dovman a/k/a Tamilla Khanukayev, totaling $40,650.00.

5.     Attached as Exhibit "3" is the Declaration of Kathy Asmus, GEICO Claims Manager, which attaches a list of the 439 no-fault collection arbitrations and 18 civil court lawsuits currently being prosecuted by the Defendants, seeking to collect more than $1,120,426.11 from GEICO.

6.     Attached as Exhibit "4" are relevant excerpts of Igor Dovman's March 9, 2018 deposition testimony Government Employees Ins. Company, et al. v. Mayzenberg, et al., 1:17-cv-02802-ILG-LB (E.D.N.Y. 2017) wherein Mr. Dovman invoked the Fifth Amendment in response to questions as to whether he had ever received money in exchange for causing a patient to be referred to Igor Mayzenberg.

7.     Attached as Exhibit "5" is a representative sample of reimbursement checks issued by GEICO to Northern Medical that were negotiated for cash at a check casher in Clifton, New Jersey.

8.      Attached as Exhibit "6" is the declaration of Jerome Reed concerning the Northern Medical checks cashed in Clifton, New Jersey, wherein Mr. Reed indicated that checks payable to Northern Medical were negotiated for cash at his check casher by Alla Kuratova.

9.      Attached as Exhibit "7" is a copy of the United States Drug Enforcement Administration's press release detailing Alla Kuratova's role in a $3.4 million prescription drug trafficking ring.

10.     Attached as Exhibit "8" are relevant excerpts of the deposition of Alla Kuratova, wherein Ms. Kuratova: (i) denied all knowledge of Northern Medical and the Clifton check casher; and (ii) confirmed her prior arrest and resulting criminal conviction.

I declare under penalties of perjury that the foregoing is true and correct. Executed at Uniondale, New York on February 9, 2021.

_____
Steven T. Henesy