# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, et al.

                    Plaintiffs,

          -against-

NORTHERN MEDICAL CARE, P.C., et al.

                    Defendants.
-------------------------------------------------------------------X

Docket No.: 1:20-cv-01214
(RRM)(SMG)

## DECLARATION OF JEROME REED

Jerome Reed, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.      I have personal knowledge of the statements that are made in this declaration and would testify as to them in a court of law if called upon to do so.

2.      I am the manager of Cambridge Clarendon Financial Service, LLC d/b/a United Check Cashing ("Cambridge Clarendon"). Cambridge Clarendon is a check-cashing facility in New Jersey.

3.      In September 2020, Cambridge Clarendon was served with a subpoena to produce documents in a case entitled *Government Employees Insurance Company, et al. v. Northern Medical Care, P.C., et al.* A copy of the subpoena is attached hereto as Exhibit "1".

4.      In response to the above-referenced subpoena, Cambridge Clarendon subsequently produced a series of documents. A copy of the documents produced by Cambridge Clarendon is attached hereto as Exhibit "2".

5.      The documents included in Exhibit "2" are maintained by Cambridge Clarendon in the ordinary course of Cambridge Clarendon's business as required by New Jersey law, including N.J. Rev. Stat. § 17:15A-44 and N.J. Rev. Stat. § 17:15A-47.

6.     The documents included in Exhibit "2" include, among other things, a copy of Alla Kuratova's New York State driver's license.

7.     New Jersey law requires Cambridge Clarendon to maintain a record of, among other things, the name of the individual presenting a check for payment.

8.     Based on my review of the records maintained by Cambridge Clarendon, Alla Kuratova presented all of the checks included in Exhibit "2" for payment at Cambridge Clarendon.

I declare under penalties of perjury that the foregoing is true and correct.

Dated: Clifton, New Jersey
       November ⟵, 2020

_____
                    Jerome Reed

# Exhibit 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| Government Employees Insurance Company, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| Northern Medical Care, P.C., et al. | ) |
| _Defendant_ | ) |

Civil Action No. 1:20-cv-01214(RRM)(SMG)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Cambridge Clarendon Financial Service, LLC d/b/a United Check Cashing
6 Market Street, Clifton, New Jersey 07012

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attached Rider "A"

| Place: Rivkin Radler LLP<br>926 RXR Plaza<br>Uniondale, New York 11556 | Date and Time:<br><br>10/08/2020 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/16/2020

_CLERK OF COURT_

OR

_____                    /s/ Garin Scollan
_Signature of Clerk or Deputy Clerk_                          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs,
Government Employees Insurance Company, et al. _____ , who issues or requests this subpoena, are:

Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:20-cv-01214(RRM)(SMG)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                       *Server's signature*

                                         _____
                                                       *Printed name and title*

                                         _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

**[PLEASE FEEL FREE TO CONTACT GARIN SCOLLAN, ESQ.
AT 516-357-3372 UPON RECEIPT OF THIS SUBPOENA].**

Time Period:           January 1, 2015 to present

Definitions:           Each reference to "You" shall include Cambridge Clarendon Financial Services, LLC d/b/a United Check Cashing and any company in which it has any ownership interest, including its representatives, employees, agents, successors, assigns, divisions, affiliates, and subsidiaries.

Categories:           For the time period identified above, please provide:

(i)      Every record of each transaction, including itemized receipts, for each check You cashed that was made payable to Northern Medical Care, P.C.

(ii)      All documents related to any customer accounts maintained by You regarding Northern Medical Care, P.C., including any applications, agreements, and/or authorizations relating to the opening, use, and/or closing of any corporate check cashing customer account.

(iii)      All corporate resolutions or other appropriate documentation for Northern Medical Care, P.C. indicating that Northern Medical Care, P.C. has authorized the presentment of checks on its behalf, as required by NJ Rev. Stat. § 17:15A-47.

(iv)      All authorizations, powers of attorney, or other documents sufficient to identify each individual who was authorized to present checks to You to be cashed on behalf of Northern Medical Care, P.C.

(v)      For each check You cashed that was made payable to Northern Medical Care, P.C., documents sufficient to identify all of the information You are required to maintain by NJ Rev. Stat. § 17:15A-44(l)(2) regarding those checks, including:

        a.  The date of the transaction;
        b.  The name of the payee;
        c.  The federal tax payer identification number of the payee;
        d.  The face amount of the check;
        e.  The date of the check;
        f.  The name or names of those presenting the check for payment; and
        g.  The name of the financial institution on which the check is drawn and the financial institution's transit routing number;
        h.  The amount of the fee charged; and
        i.  a photograph, photostat, duplicate, microfilm, microfiche or any other reproduction of the front and back of the fully endorsed check.

(vi)    For each check You cashed in the amount of $2,500.00 or more that was made payable to Northern Medical Care, P.C., documents sufficient to identify all of the information You are required to maintain by NJ Rev. Stat. § 17:15A-44(l)(2) regarding those checks, as set forth in the previous paragraph.

(vii)    All written and electronic communications or correspondence between You and Northern Medical Care, P.C.

Please find attached copies of NJ Rev. Stat. § 17:15A-44 and NJ Rev. Stat § 17:15A-47.

New Jersey Statutes Annotated Title 17. Corporations and Institutions for Finance and Insurance (Refs & Annos) Subtitle 2. Financial Institutions Part 4a. Cashing Checks, Drafts and Money Orders Chapter 15A. The Check Cashing Law (1951) (Refs & Annos)

N.J.S.A. 17:15A-44

17:15A-44. Duties of check cashing licensee

Effective: January 19, 2016
Currentness

A licensee shall:

a. Conspicuously display at each office, limited branch office or mobile office it operates the original license, certificate or branch authorization, as appropriate, issued by the commissioner.

b. Conspicuously display all signs and notifications which the commissioner may require.

c. Provide each customer, at the time of a transaction, with a record of each transaction as specified by regulation.

d. Produce a photographic record, on such equipment as the commissioner may prescribe, of all of the checks cashed at the place of business and maintain a true copy of each such record.

e. Endorse each check cashed with the actual name under which the licensee is doing business and legibly write or stamp the words "Licensed Casher of Checks" immediately after or below the licensee's name.

f. Conduct all check cashing business through a bank account or accounts which are used solely for that purpose, and which have been identified as such to the department.

g. Inform the department if any bank account number changes or if any bank account is closed.

h. Maintain adequate records of its check cashing business as prescribed by the commissioner by regulation.

i. Retain for five years essential records, and retain all other records for a shorter period as prescribed by the commissioner by regulation. Such records shall be separate from the records of other businesses in which the licensee may be engaged. Although separate records are required, it is not required that the licensee's check cashing business have a different legal identity from other businesses in which the licensee is engaged.

j. Suspend for at least six months the check cashing privileges of any customer who cashes, in any one calendar year, more than three checks which are returned by the payor bank because of insufficient funds, and notify the department in writing of the

name of such customer and the action taken, except that for purposes of this subsection two or more checks of a single maker which are returned because of insufficient funds shall be counted as one check provided they were cashed the same day and deposited in the licensee's bank account on the same banking day.

k. Maintain at all times a capital or net worth of at least $50,000 for the operation of the licensee's check cashing business at each office, mobile office and automated check cashing machine location, and maintain at all times liquid assets of at least $50,000 for the operation of the licensee's check cashing business at each office, mobile office and automated check cashing machine location.

*l.* (1) Maintain on its premises, a record keeping system by which a licensee may track, and provide for inspection at the request of the commissioner, checks which the licensee cashed and which were made payable to a payee other than a natural person and checks which the licensee cashed in the amount of $2,500.00 or more.

(2) The record keeping system required pursuant to paragraph (1) of this subsection l. shall include, but not be limited to, the following information:

(a) the date of the transaction;

(b) the name of the payee;

(c) the federal tax payer identification number of the payee;

(d) the face amount of the check;

(e) the date of the check;

(f) the name or names of those presenting the check for payment;

(g) the name of the financial institution on which the check is drawn and the financial institution's transit routing number;

(h) the amount of the fee charged; and

(i) a photograph, photostat, duplicate, microfilm, microfiche or any other reproduction of the front and back of the fully endorsed check.

(3) The record keeping system shall be made available to any State or federal law enforcement agency upon written request and without necessity of subpoena.

m. Retain for five years a complete copy of any report, including all such reports filed electronically, regarding business conducted in this State pursuant to 31 U.S.C.s.5311 et seq. and 31 C.F.R. Chapter X.

n. Supervise employees engaged in the operation of the check cashing business to ensure the business is conducted lawfully and pursuant to the provisions of this act and any order, rule or regulation made or issued pursuant to this act.

**Credits**

L.1993, c. 383, § 15, eff. April 11, 1994. Amended by L.1999, c. 352, § 7, eff. Jan. 14, 2000; L.2003, c. 252, § 5, eff. Jan. 14, 2004; L.2015, c. 233, § 3, eff. Jan. 19, 2016.

N. J. S. A. 17:15A-44, NJ ST 17:15A-44
Current with laws through L.2019, c. 277 and J.R. No. 22

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

New Jersey Statutes Annotated Title 17. Corporations and Institutions for Finance and Insurance (Refs & Annos) Subtitle 2. Financial Institutions Part 4a. Cashing Checks, Drafts and Money Orders Chapter 15A. The Check Cashing Law (1951) (Refs & Annos)

N.J.S.A. 17:15A-47

17:15A-47. Prohibited transactions

Effective: January 19, 2016
Currentness

No licensee, or any person acting on behalf of a licensee, shall:

a. Cash a check which is made payable to a payee which is other than a natural person unless the licensee has on file a corporate resolution or other appropriate documentation indicating that the corporation, partnership or other entity has authorized the presentment of a check on its behalf and the federal taxpayer identification number of the corporation, partnership or other entity;

b. Cash a check for anyone other than the payee named on the face of the check, except that the commissioner may, by regulation, establish exceptions to this prohibition;

c. Cash or advance any money on a postdated check; except that a licensee may cash a check payable on the first banking business day following the date of cashing, if the check is:

(1) drawn by the United States, the State of New Jersey, or any department, bureau, agency or authority of the United States or the State of New Jersey; or

(2) a payroll check drawn by any employer to the order of its employee in payment for services performed by that employee;

d. Fail to give each customer at the end of each transaction a receipt showing the amount of the check which was cashed, the amount which was charged for cashing the check, and the amount of cash which the customer was given;

e. Engage in the business of making loans of money, credit, goods or things or discounting or buying of notes, bills of exchange, checks or other evidences of debt, or conduct, or allow to be conducted, a loan business or the negotiation of loans or the discounting or buying of notes, bills of exchange, checks or other evidences of debt in the same premises where the licensee is cashing checks. For purposes of this subsection, a licensee shall be deemed to have made a loan if the licensee cashes a check deposited by a customer whose check cashing privileges were required to be suspended under subsection j. of section 15 of this act. [1] Notwithstanding the provisions of this subsection, any person licensed as a pawnbroker in this State shall be eligible to qualify as a licensee under this act, and upon being so licensed, may conduct business as a check casher in the same premises in which that person conducts business as a pawnbroker;

f. Engage in business at an office or mobile office other than a business which primarily provides financial services, except as otherwise provided pursuant to subsection e. of this section;

g. Violate any provision of this act or regulations promulgated pursuant to this act; or

h. Fail to comply with any order of the commissioner.

**Credits**

L.1993, c. 383, § 18, eff. April 11, 1994. Amended by L.2015, c. 233, § 4, eff. Jan. 19, 2016.

Footnotes

1        N.J.S.A. § 17:15A-44.

N. J. S. A. 17:15A-47, NJ ST 17:15A-47

Current with laws through L.2019, c. 277 and J.R. No. 22

---

**End of Document**                                   © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit 2

 DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI OH 45999-0023

Date of this notice: JUNE 13, 2013

Employer Identification Number:

NORTHERN MEDICAL CARE P.C.
10520 NORTHERN BOULEVARD
CORONA, NEW YORK 11368

Form: SS-4

Number of this notice: CP 575 A

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN). We assigned you EIN 32-7567220. This EIN will identify you, your business accounts, tax returns, and documents, even if you have no employees. Please keep this notice in your permanent records.

When filing tax documents, payments, and related correspondence, it is very important that you use your EIN and complete name and address exactly as shown above. Any variation may cause a delay in processing, result in incorrect information in your account, or even cause you to be assigned more than one EIN. If the information is not correct as shown above, please make the correction using the attached tear off stub and return it to us.

Based on the information received from you or your representative, you must file the following form(s) by the date(s) shown.

        Form 1120                          JUNE 13, 2013

If you have questions about the form(s) or the due date(s) shown, you can call us at the phone number or write to us at the address shown at the top of this notice. If you need help in determining your annual accounting period (tax year), see Publication 538, *Accounting Periods and Methods.*

We assigned you a tax classification based on information obtained from you or your representative. It is not a legal determination of your tax classification, and is not binding on the IRS. If you want a legal determination of your tax classification, you may request a private letter ruling from the IRS under the guidelines in Revenue Procedure 2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue). Note: Certain tax classification elections can be requested by filing Form 8832, *Entity Classification Election.* See Form 8832 and its instructions for additional information.

## IMPORTANT INFORMATION FOR S CORPORATION ELECTION:

If you intend to elect to file your return as a small business corporation, an election to file a Form 1120-S must be made within certain timeframes and the corporation must meet certain tests. All of this information is included in the instructions for Form 2553, *Election by a Small Business Corporation.*

# Blake Corp and/or City Financial, Inc.

# Application for Commercial Check Cashing Account

Name of Company:    NORTHERN MEDICAL CARE P.C.

Address:    10520 NORTHERN BOULEVARD, CORONA, NEW YORK 11368

Name of Officer/Contact:    HOWARD GREENLEAF

Officer Home Address:

Office Phone:                                    Office fax:

Cell Phone:                                    Home Phone:

Tax ID Number    ███████████

Type of Business:

Reason check cashing    N/A
    Services needed

Estimated monthly dollar amount of checks to be cashed:
                                 (if applicable)

Please provide the following information with this application:

1. Resolution Granting Authority to cash company checks on our form.
2. Corporation/LLC/DBA Verification:
   - ■■ Certificate of Incorporation
   - ■■ Articles of Incorporation
   - ■■ Certificate of Registration or equivalent with state/county/municipality applicability.
3. As appropriate:
   - ■■ By-Laws
   - ■■ Operating Agreement
   - ■■ Partnership Agreement or equivalent
4. A list of all shareholders, partners, members, or other owners of the Company, and their respective interests therein.
5. Employee Identification Number.
6. Last year end Company tax return.
7. Voided check.
8. Photo ID's of all authorized signatories. (Current ID)

The undersigned, on behalf of the above-named company ("Company"), hereby requests a commercial check cashing account with Blake Corp/City Financial, Inc. The account will be used for the above purposes only, and will not be used to avoid or circumvent any financial reporting requirements, conceal the nature or volume of business being conducted by the Company, or for any illegal purposes of any kind.

The undersigned attests that the information provided herein is true and accurate, and hereby authorizes Blake Corp/City Financial, Inc. to conduct reasonable background investigations or credit inquiries, contact bank account officer provided herein, or take any other steps it deems necessary in order to substantiate that the Company qualifies for a Commercial Check Cashing Account.

Signature: _____

Print name: HOWARD GREENLEAF

Title: President

Date: JUNE 27, 2013

Attach a copy of Officers identification.

# RESOLUTION GRANTING AUTHORITY
## TO CASH COMPANY CHECKS

Name of business: \_\_\_\_NORTHERN MEDICAL CARE P.C._____

(hereafter, "Company")

Form of organization (check one):  X Corporation
              \_\_\_\_ Limited Liability Company
              \_\_\_\_ Sole Proprietorship
              \_\_\_\_ Partnership (Limited or otherwise)

I \_\_HOWARD GREENLEAF_____, do hereby certify that I am a duly appointed and authorized representative of the Company acting in a capacity authorized by the by-laws or other appropriate organizing agreement of the Company; that I am the custodian of the business records of the Company; and that a meeting of the appropriate directors, members, managers, partners, trustees, owners or other such representatives of the Company, was duly called and held on (date)JUNE 27, 2013in accordance with law and with the by-laws or other appropriate organizing agreement of the Company; at said meeting all necessary attendance statutory requirements were met, and the following resolutions were duly adopted by the Company, to wit:

RESOLVED:

1. That each of the following individuals, in the capacities shown below, are designated as signatories on behalf of the Company with respect to checks issued by the Company or payable to the Company, said checks being negotiated by Blake Corp or City Financial Inc. d/b/a United Check Cashing ( hereafter, the "Check Casher"), and such Signatories are authorized to endorse check made payable to the Company, and to receive cash and/or other proceeds in exchange for such checks, at the within Check Cashing location:

| NAME OF INDIVIDUAL | CAPACITY (Title) |
|---|---|
| SAM TIMMAT | President |
| NEIL LASTER | Manager |
| MARY RECARO | Secretary |

2. That the Check Casher is authorized by the undersigned to payout the proceeds of checks endorsed by any such Signatory in cash or other proceeds without inquiry as to circumstances of issue, negotiation or endorsement thereof, and without further inquiry or regard to the authority of the person endorsing such checks. Undersigned waives any legal recourse based on said inquiry, or lack thereof.

3. Any individual presenting said negotiable instrument for cashing herein agrees to be held personally liable to the Check Casher in the event of dishonor of said instrument by the bank.

4. That the Check Casher shall not be responsible in any capacity for, or required to see to the application of any of the funds disbursed to the Signatories from the cashing of checks hereunder, and that all such transactions shall be conclusively presumed to be legally binding upon the Company.

5. That, in order to induce the Check Casher to act pursuant to the foregoing paragraphs, the Company hereby agrees as follows:

    (a) This resolution shall continue in force until revoked or modified by written notice actually received by the Check Casher, setting forth a certified resolution to that effect having been duly authorized and adopted by the appropriate authority of the Company, and signed by one legally acting in the appropriate capacity on behalf of the Company; provided, however, that such written notice shall not be effective prior to the actual receipt thereof, or as to any checks cashed on or prior to the date of such actual notice, and the Check Casher is authorized to rely on the last communication received by it, so authenticated, as to any resolution of the Company or as to the person or persons who may be Signatories of the Company, or as to their respective specimen signatures and/or to any other Company matters, and the Check Casher shall be held harmless in such reliance, even though such resolution may have been changed or rescinded.

    (b) That the Check Casher need not recognize a subsequent claim of authority which conflicts with a claim of authorization of which the Check Casher has had prior notice, unless the person asserting such subsequent claim shall procure an appropriate order, injunction or other appropriate process against the Check Casher from a court of competent jurisdiction requiring the Check Casher to so act.

    (c) That the Company shall utilize the check cashing services offered by the Check Casher only for the legal business purpose(s) disclosed in the Company's Application for a Commercial Check Cashing Account, and shall not utilize such services to avoid reporting income to any federal, state or municipal agency, or to engage in any money laundering scheme, or to avoid Bank Secrecy Act or U.S.A. Patriot Act (as those Acts are defined in federal law) reporting requirements, or for any illegal or unlawful purpose whatsoever.

The undersigned further certifies that the above resolutions have not been altered, amended, or rescinded and are now in full force and effect.

I do hereby certify that the names and that the genuine signatures of the present Signatories of the Company are as follows:

NAME (Print Name)                    Specimen Signature (Sign)

HOWARD GREENLEAF

DUNCAN WHITE

STEVE PARSONS

Executed this day: JUNE 27, 2013

Signature:

Print Name:   HOWARD GREENLEAF

Title:        President

Affix Company Seal if applicable:

GEICO GENERAL INSURANCE CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
Hartford, CT 06120

51-44
119 CT

NO. N 194902544

VOID AFTER 180 DAYS
Date: 02/26/2018

Claimant: ▮

Claim Number: ▮

Insured Name: ▮

Feature Symbol & Amount
NBM $***1435.80

Amount:
$****1,435.80

**ONE-THOUSAND-FOUR-HUNDRED-THIRTY-FIVE*AND*80/100*DOLLARS****

Pay to the Order of:
NORTHERN MEDICAL CARE PC

In Payment of:
Personal Injury Protection
DOS: 01/09/2018-01/09/2018

Mail To:
Northern Medical Care Pc
C/O Gary Tsirelman Pc
129 Livingston ST
Brooklyn Ny 11201-5105

*Hallis White*

⑈194902544⑈ ▮

---

GEICO GENERAL INSURANCE CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
Hartford, CT 06120

51-44
119 CT

NO. N 194760437

VOID AFTER 180 DAYS
Date: 02/20/2018

Claimant: ▮

Claim Number: ▮

Insured Name: ▮

Feature Symbol & Amount
NBM $***3358.00

Amount:
$****3,358.00

**THREE-THOUSAND-THREE-HUNDRED-FIFTY-EIGHT*AND*00/100*DOLLARS****

Pay to the Order of:
NORTHERN MEDICAL CARE PC

In Payment of:
Personal Injury Protection
DOS: 12/22/2017-12/22/2017

Mail To:
Northern Medical Care Pc
C/O Gary Tsirelman Pc
129 Livingston ST Fl 2 Fl 3
Brooklyn Ny 11201-5105

*Hallis White*

⑈194760437⑈ ▮

---

**StateFarm STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
PIP/MPC
PIPMPC B2 OFFICE   PC00613.PO66

JP MORGAN CHASE BANK, NA 56-1544/441
COLUMBUS, OH

1 17 925122 J

DATE  02-22-2018
MM DD YYYY

CLAIM NO ▮   INSURED ▮   LOSS DATE 11-01-2017

EXACTLY THREE THOUSAND FOUR HUNDRED TWENTY-SEVEN AND 58/100 DOLLARS

$*****3,427.58

Pay to the
Order of: NORTHERN MEDICAL CARE PC

AUTHORIZED SIGNATURE
AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING

⑈1717925122⑈ ▮

GEICO CHOICE INSURANCE CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
South Portland, ME 04106

52-153
112 ME

NO. N 209590739

VOID AFTER 180 DAYS

Claimant: ████████

Claim Number: ████████

Date: 10/15/2019

Insured Name: ████

In Payment of: Personal Injury Protection
05/22/2019

Feature Symbol & Amount
DBI $***3389.30 IPA $****185.28

PRIN$3,389.30/INT$185.28
41-19-1136-7267

Amount:
$****3,574.58

**THREE-THOUSAND-FIVE-HUNDRED-SEVENTY-FOUR*AND*58/100*DOLLARS*******************************************

Pay to the Order of:
NORTHERN MEDICAL CARE PC

GTMDJD
WITHOUT PREJUDICE

Mail To:
Tsirelman Law Firm Pllc
129 Livingston ST
Brooklyn Ny 11201-5105

*Hallis White*

⑈ 209590739 ⑈   ████████   / 2

PAY TO THE ORDER OF
BRUNSWICK BANK & TRUST COMPANY
NEW BRUNSWICK, NJ 08901-3462
FOR DEPOSIT ONLY

OCT 25 2019

CAMBRIDGE CLARENDON FINANCIAL
SERVICE LLC/ DBA UNITED CHECK CASHING
LICENSED CASHIER OF CHECKS

GEICO GENERAL INSURANCE CO
750 WOODBURY RD
WOODBURY, NY  11797-2519

**Bank of America**
South Portland, ME 04106

52-153
112 ME

NO. N  197348196

VOID AFTER 180 DAYS

**Claimant:** ███████████

**Insured Name:** ███████████

**Feature Symbol & Amount**
NBM $***3087.86

**Claim Number:** ███████████

In Payment of: Personal Injury Protection
DOS: 04/04/2018-04/10/2018

Date: 06/07/2018

**Amount:**
$*****3,087.86

**THREE-THOUSAND-EIGHTY-SEVEN*AND*86/100*DOLLARS***************************

**Pay to the Order of:**
NORTHERN MEDICAL

**Mail To:**
Northern Medical
C/O Gary Tsirelman Pc
129 Livingston ST 2nd & 3rd Fl
Brooklyn Ny 11201

*Hallis White*

⑆197348196⑆

X

PAY TO THE ORDER OF
BRUNSWICK BANK & TRUST COMPANY
NEW BRUNSWICK, NJ 08901-3462
FOR DEPOSIT ONLY

SEP 2 8 2018

CAMBRIDGE CLARENDON FINANCIAL
SERVICE LLC/ DBA UNITED CHECK CASHING
LICENSED CASHIER OF CHECKS

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY  11797-2519

**Bank of America**
Hartford, CT 06120

51-44
119 CT

**NO. N** 193110769

VOID AFTER 180 DAYS

**Claimant:** ███████████

**Claim Number:** ███████████

**Insured Name:** ████████

**Date:** 12/11/2017

**Feature Symbol & Amount**
NBM $***2894.86

**Amount:**
$****2,894.86

**TWO-THOUSAND-EIGHT-HUNDRED-NINETY-FOUR*AND*86/100*DOLLARS***********************************

**Pay to the Order of:**
NORTHERN MEDICAL CARE PC

**In Payment of:**
Personal Injury Protection
DOS: 10/17/2017-10/17/2017

**Mail To:**
Northern Medical Care Pc
C/O Gary Tsirelman Pc
·129 Livingston ST
Brooklyn Ny 11201-5105

*Hallis White*

⑈193110769⑈ ████████████

PAY TO THE ORDER OF
BRUNSWICK BANK & TRUST COMPANY
NEW BRUNSWICK, NJ 08901-3452
FOR DEPOSIT ONLY
APR 12 2017
CASHSTAR CLARICOM FINANCIAL
SERVICES·CASHING·CHECK CASHING
OF CHECKS

GOVERNMENT EMPLOYEES INSURANCE CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

Bank of America
Hartford, CT 06120

51-44
119 CT

NO. N 195678045
VOID AFTER 180 DAYS
Date: 03/29/2018

Claim Number: ▮▮▮▮▮

Claimant: ▮▮▮▮▮

Insured Name: ▮▮▮▮▮

Amount:
$****1,435.80

Feature Symbol & Amount
NBM $****1435.80

**ONE-THOUSAND-FOUR-HUNDRED-THIRTY-FIVE*AND*80/100*DOLLARS*****************************

Pay to the Order of:
NORTHERN MEDICAL CARE PC

In Payment of:
Personal Injury Protection
DOS: 02/21/2018-02/21/2018

Mail To:
Northern Medical Care Pc
C/O Gary Tsirelman Pc
129 Livingston ST
Brooklyn Ny 11201-5105

*Hollis White*

⑆195678045⑆ ▮▮▮▮▮

---

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

Bank of America
Hartford, CT 06120

51-44
119 CT

NO. N 195686231
VOID AFTER 180 DAYS
Date: 03/30/2018

Claim Number: ▮▮▮▮▮

Claimant: ▮▮▮▮▮

Insured Name: ▮▮▮▮▮

Amount:
$*******50.00

Feature Symbol & Amount
IPA $*****50.00

**FIFTY*AND*00/100*DOLLARS*****************************

Pay to the Order of:
NORTHERN MEDICAL CARE

In Payment of:
Personal Injury Protection
dos: 11/15/2017-11/15/2017
f#: 161.581 Int: $50.00
aa: 4118-1086-2491

GTMDJD
WITHOUT PREJUDICE

Mail To:
Gary Tsirelman P C
129 Livingston ST
Brooklyn Ny 11201-5105

*Hollis White*

⑆195686231⑆ ▮▮▮▮▮

PAY TO THE ORDER OF
BRUNSWICK BANK & TRUST COMPANY
NEW BRUNSWICK, NJ 08901-3462
FOR DEPOSIT ONLY

AUG 30 2018

CAMBRIDGE CLARENDON FINANCIAL
SERVICE LLC/ DBA UNITED CHECK CASHING
LICENSED CASHIER OF CHECKS

GE_CO INDEMNITY CO
75 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
Hartford, CT 06120

51-44
119 CT

NO. N 195685057
VOID AFTER 180 DAYS
Date: 03/30/2018

Claimant:

Claim Number:

Insured Name:

**Feature Symbol & Amount**
NBS $***3000.00

**Amount:**
$****3,000.00

**THREE-THOUSAND*AND*00/100*DOLLARS***********************

**Pay to the Order of:**
NORTHERN MEDICAL CARE

GTMDJD
WITHOUT PREJUDICE

**In Payment of:**
Personal Injury Protection
dos: 11/15/2017-11/15/2017
f#: 161.581  P:$3000.00
aa: 4118-1086-2491

**Mail To:**
Gary Tsirelman P C
129 Livingston ST
Brooklyn Ny 11201-5105

Hollis White

⑆195685057⑆

---

**STATE FARM FIRE AND CASUALTY COMPANY**
PIP/MPC
PIPMPC B2 OFFICE  PC00613 PDGG

JPMORGAN CHASE BANK, NA  56-1546/631
COLUMBUS, OH

I 17 998910 J

CLAIM NO.
LOSS DATE 01-08-2018

INSURED

DATE  03-26-2018
MM DD YYYY

***EXACTLY THREE THOUSAND TWO HUNDRED EIGHTY-TWO AND 62/100 DOLLARS**

$*****3,282.62

Pay to the
Order of: **NORTHERN MEDICAL CARE PC**

AUTHORIZED SIGNATURE
AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING

⑆171799891O⑆

---

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
PIP/MPC
PIPMPC B2 OFFICE  PC00613 PDGG

JPMORGAN CHASE BANK, NA  56-1546/631
COLUMBUS, OH

I 17 003131 J

CLAIM NO.
LOSS DATE 08-07-2017

INSURED

BRUNSWICK LLC
NEW BRUNSWICK NJ 08901
FOR DEPOSIT ONLY

DATE  03-27-2018
MM DD YYYY

AUG 30 2018

*******EXACTLY THREE THOUSAND FOUR HUNDRED TWO AND 61/100 DOLLARS**

$*****3,402.61

CAMBRIDGE CLARENDON FINANCIAL
SERVICE LLC/ DBA UNITED CHECK CASHING
LICENSEE CASHIER OF CHECKS

Pay to the
Order of: **NORTHERN MEDICAL CARE PC**

AUTHORIZED SIGNATURE
AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING

⑆171700313I⑆

INSURED:

CLAIMANT

IN PAYMENT OF: PRINCIPAL 1100.00#INTEREST 28.60

PAY: ONE THOUSAND ONE HUNDRED TWENTY-EIGHT DOLLARS AND SIXTY
CENTS

**Allstate®**

TO THE    NORTHEN MEDICAL CARE, PC
ORDER    10520 NORTHERN BLVD
OF       CORONA NY 11368-1133

| POLICY NUMBER | | CLAIM NUMBER | |
|---|---|---|---|
| TAX ID | | DESK LOC | EMPLOYEE ID |
| | | 2GK | DQF1 |
| Bank of America NA Atlanta,Dekalb_Cty,Georgia | | | Bank of America Customer Connection |

64-1278
611

| INVOICE NUMBER | MCO | DATE ISSUED |
|---|---|---|
| 41-17-1082-0440 | 3630 | 02/20/2018 |

**1,128.60**

121539679

COMPANY: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

GTMDJD

WITHOUT PREJUDICE

VOID IF NOT PRESENTED WITHIN THREE HUNDRED, SIXTY-FIVE DAYS OF DATE OF ISSUE

*Snren K. Gupta*

*Samuel DFitch*

⑈ ⑈ 121539679 ⑈ ⑈

AUTHORIZED SIGNATURES

SECURITY FEATURES
INCLUDED.
SEE DETAILS ON BACK

PAY TO THE ORDER OF
BRUNSWICK BANK & TRUST COMPANY
NEW BRUNSWICK, NJ 08901-3462
FOR DEPOSIT ONLY

AUG 22 2018

CAMBRIDGE CLARENDON FINANCIAL
SERVICE LLC/ DBA UNITED CHECK CASHING
LICENSED CASHIER OF CHECKS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

1 17 929387 J

JPMORGAN CHASE BANK, N.V. CC-1064-PMT
COLUMBUS, OH

PIPMPC B2 OFFICE  PCQ0615.PO6G

DATE (MM DD YYYY) **02-23-2018**

*****EXACTLY THREE THOUSAND FOUR HUNDRED NINETY AND 90/100 DOLLARS

$******3,490.90

Pay to the Order of: **NORTHERN MEDICAL CARE PC**

AUTHORIZED SIGNATURE
AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING

⑈1717929387⑈

---

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

1 17 976043 J

PIPMPC B2 OFFICE  PCQ0615.PO6G

DATE (MM DD YYYY) **03-15-2018**

***EXACTLY SEVEN THOUSAND ONE HUNDRED SEVENTEEN AND 52/100 DOLLARS

$******7,117.52

Pay to the Order of: **NORTHERN MEDICAL CARE PC**

BRUNSWICK, N.J.
NEW BRUNSWICK, N.J.
FOR DEPOSIT ONLY

AUG 22 2018

AUTHORIZED SIGNATURE
AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING

⑈1717976043⑈

---

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

Bank of America
Hartford, CT 06120

51-44
119 CT

NO. N 195319815
VOID AFTER 180 DAYS
Date: 03/14/2018

**Claimant:**

Claim Number:

Insured Name:

Feature Symbol & Amount
NBM $***1922.85

**Amount:**
$****1,922.85

**ONE-THOUSAND-NINE-HUNDRED-TWENTY-TWO*AND*85/100*DOLLARS***********

**Pay to the Order of:**
NORTHERN MEDICAL PC

In Payment of:
Personal Injury Protection
DOS: 01/16/2018-01/16/2018

**Mail To:**
Northern Medical Pc
129 Livingston ST Second & Third Floors
Brooklyn Ny 11201

Hollis White

⑈195319815⑈

GOVERNMENT EMPLOYEES INSURANCE CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
Hartford, CT 06120
51-44
119 CT

**NO. N** 195400573
VOID AFTER 180 DAYS
Date: 03/19/2018

**Claim Number:** ▉▉▉▉▉

**Insured Name:** ▉▉▉▉▉

**Claimant:** ▉▉▉▉▉

**Feature Symbol & Amount**
NBM $****1435.80

**Amount:**
$****1,435.80

**ONE-THOUSAND-FOUR-HUNDRED-THIRTY-FIVE AND 80/100 DOLLARS**

**Pay to the Order of:**
NORTHERN MEDICAL CARE

**In Payment of:**
Personal Injury Protection
DOS: 01/23/2018-01/23/2018

**Mail To:**
Northern Medical Care
C/O Gary Tsirelman Pc
129 Livingston ST, 2nd and 3rd Fl
Brooklyn Ny 11201-5105

*Hollis White*

⑆ 195400573 ⑈

---

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
Hartford, CT 06120
51-44
119 CT

**NO. N** 195203388
VOID AFTER 180 DAYS
Date: 03/09/2018

**Claim Number:** ▉▉▉▉▉

**Insured Name:** ▉▉▉▉▉

**Claimant:** ▉▉▉▉▉

**Feature Symbol & Amount**
NBM $***1717.52

**Amount:**
$*****1,717.52

**ONE-THOUSAND-SEVEN-HUNDRED-SEVENTEEN AND 52/100 DOLLARS**

**Pay to the Order of:**
NORTHERN MEDICAL PC

**In Payment of:**
Personal Injury Protection
DOS: 01/12/2018-01/12/2018

**Mail To:**
Northern Medical Pc
C/O Gary Tsirelman Pc
129 Livingston ST Second & Third Floors
Brooklyn Ny 11201

*Hollis White*

⑆ 195203388 ⑈

---

**StateFarm** STATE FARM FIRE AND CASUALTY COMPANY
PIP/MPC JPMORGAN CHASE BANK, NA. 56-1544/441
PIPMPC B2 OFFICE PCO0613.PO66 COLUMBUS, OH

1 17 939538 J

DATE 02-28-2018
MM DD YYYY

CLAIM NO ▉▉▉▉▉ INSURED ▉▉▉▉▉
LOSS DATE 12-04-2017

**EXACTLY THREE THOUSAND TWO HUNDRED FIFTY-THREE AND 96/100 DOLLARS**

$******3,253.96

Pay to the
Order of: **NORTHERN MEDICAL CARE PC**

PAY TO THE ORDER OF
BRUNSWICK BANK & TRUST COMPANY
NEW BRUNSWICK, NJ 08901-3462
FOR DEPOSIT ONLY

AUG 22 2018

CAMBRIDGE CLARENDON FINANCIAL
SERVICE LLC/ DBA UNITED CHECK CASHING

*Authorized Signature*
AUTHORIZED SIGNATURE
*Authorized Signature*
AUTHORIZED SIGNATURE

GREEN DROPOUT APPEARS ON FACE OF DOCUMENT

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT ANGLE FOR VIEWING
110728562

⑆ 1717939538 ⑈

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY  11797-2519

**Bank of America**
South Portland, ME 04106

52-153
112 ME

NO. N **209665303**

VOID AFTER 180 DAYS

Date: 10/15/2019

**Claimant:** ▮▮▮▮

**Insured Name:** ▮▮▮▮

**Claim Number:** ▮▮▮▮
In Payment of: Personal Injury Protection
01/12/2018 - 01/12/2018
17-18-1097-5347
INT 1082.47

**Amount:**
$****1,082.47

**Feature Symbol & Amount**
IPA $***1082.47

**ONE-THOUSAND-EIGHTY-TWO*AND*47/100*DOLLARS*****************************************

**Pay to the Order of:**
NORTHERN MEDICAL PC

GTMDJD
WITHOUT PREJUDICE

**Mail To:**
Gary Tsirelman  P C
129 Livingston ST Fl 2
Brooklyn Ny 11201-5105

*Hallis White*

⑈ 209665303 ⑈  ▮▮▮▮▮▮

PAY TO THE ORDER OF
BRUNSWICK BANK & TRUST COMPANY
NEW BRUNSWICK, NJ 08901-3462
FOR DEPOSIT ONLY

NOV  8 2019

CAMBRIDGE CLARENDON FINANCIAL
SERVICE LLC/ DBA UNITED CHECK CASHING
LICENSED CASHIER OF CHECKS
▮▮▮▮

---

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
South Portland, ME 04106

52-153
112 ME

NO. N 209665305

VOID AFTER 180 DAYS

Date: 10/15/2019

Claimant: ▮▮▮▮▮▮
Insured Name: ▮▮▮▮▮▮
Feature Symbol & Amount
NBS $***3253.93

**Claim Number:** ▮▮▮▮▮▮
In Payment of: Personal Injury Protection
01/12/2018 - 01/12/2018
17-18-1097-5347
PRIN 3253.93

Amount:
$****3,253.93

**THREE-THOUSAND-TWO-HUNDRED-FIFTY-THREE*AND*93/100*DOLLARS**********

**Pay to the Order of:**
NORTHERN MEDICAL PC

GTMDJD
WITHOUT PREJUDICE

Mail To:
Gary Tsirelman  P C
129 Livingston ST Fl 2
Brooklyn Ny 11201-5105

*Hallis White*

⑈209665305⑈   ▮▮▮▮▮▮

---

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
South Portland, ME 04106

52-153
112 ME

NO. N 209747153

VOID AFTER 180 DAYS

Date: 10/18/2019

Claimant: ▮▮▮▮▮▮
Insured Name: ▮▮▮▮▮▮
Feature Symbol & Amount
IPA $***947.98

**Claim Number:** ▮▮▮▮▮▮
In Payment of: Personal Injury Protection
DOS 01/12/2018
INT $947.98
41-18-1102-2863

Amount:
$*****947.98

**NINE-HUNDRED-FORTY-SEVEN*AND*98/100*DOLLARS**********

**Pay to the Order of:**
NORTHERN MEDICAL PC

GTMDJD
WITHOUT PREJUDICE

Mail To:
Tsirelman Law Firm Pllc
129 Livingston ST Fl 2
Brooklyn Ny 11201-5105

*Hallis White*

⑈209747153⑈   ▮▮▮▮▮▮

---

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
South Portland, ME 04106

52-153
112 ME

NO. N 209747147

VOID AFTER 180 DAYS

Date: 10/18/2019

Claimant: ▮▮▮▮▮▮
Insured Name: ▮▮▮▮▮▮
Feature Symbol & Amount
NBS $***3253.93

**Claim Number:** ▮▮▮▮▮▮
In Payment of: Personal Injury Protection
DOS 01/12/2018
PRIN $3253.93
41-18-1102-2863

PAY TO THE ORDER OF
BRUNSWICK BANK & TRUST COMPANY
NEW BRUNSWICK, NJ 08901-3462
FOR DEPOSIT ONLY

Amount:
$****3,253.93

NOV   8 2019

**THREE-THOUSAND-TWO-HUNDRED-FIFTY-THREE*AND*93/100*DOLLARS**********

**Pay to the Order of:**
NORTHERN MEDICAL PC

GTMDJD
WITHOUT PREJUDICE

CAMBRIDGE CLARENDON FINANCIAL
SERVICE LLC/ DBA UNITED CHECK CASHING
LICENSED CASHIER OF CHECKS
H07286 Law Firm Pllc
129 Livingston ST Fl 2
Brooklyn Ny 11201-5105

*Hallis White*

⑈209747147⑈   ▮▮▮▮▮▮

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
South Portland, ME 04106

52-153
112 ME

**NO. N 209703878**

VOID AFTER 180 DAYS

Date: 10/16/2019

Claimant:
Insured Name:

Claim Number:
In Payment of: Personal Injury Protection
DOS: 12/29/2017-12/29/2017
AAA# 41-18-1091-0675 sr
Principal $2,329.41

**Feature Symbol & Amount**
NBS $****2329.41

Amount:
$****2,329.41

**TWO-THOUSAND-THREE-HUNDRED-TWENTY-NINE*AND*41/100*DOLLARS*********************************

Pay to the Order of:
**NORTHERN MEDICAL CARE**

GTMDJD
WITHOUT PREJUDICE

Mail To:
Gary Tsirelman  P C
129 Livingston ST Fl 2
Brooklyn Ny 11201-5105

*Hallis White*

⑈209703878⑈                                                                        1 ⌐

---

GEICO INDEMNITY CO
750 WOODBURY RD
WOODBURY, NY 11797-2519

**Bank of America**
South Portland, ME 04106

52-153
112 ME

**NO. N 209703884**

VOID AFTER 180 DAYS

Date: 10/16/2019

Claimant:
Insured Name:

Claim Number:
In Payment of: Personal Injury Protection
DOS: 12/29/2017-12/29/2017
AAA# 41-18-1091-0675
Interest $583.17

**Feature Symbol & Amount**
IPA $****583.17

Amount:
$******583.17

**FIVE-HUNDRED-EIGHTY-THREE*AND*17/100*DOLLARS*******************************************

Pay to the Order of:
**NORTHERN MEDICAL CARE**

GTMDJD
WITHOUT PREJUDICE

Mail To:
Gary Tsirelman  P C
129 Livingston ST Fl 2
Brooklyn Ny 11201-5105

*Hallis White*

⑈209703884⑈                                                                        1 ⌐

---

Wells Fargo Bank, N.A.

**INTEGON NATIONAL INSURANCE COMPANY**
P.O. Box 6580, Saddle Brook, NJ, 07663

55-2
212

01629946

CLAIM NO.    9RINY07246  4

(NOT VALID AFTER 90 DAYS)

| CLAIM | Policy No. | Date of Loss 07/22/17 | Cause of Loss personal injury | Name of Claimant | Date 10/16/2019 |

WILL PAY ONLY
THE SUM OF  Four Thousand Five Hundred Ten and 36/100

PAY TO THE ORDER OF
BRUNSWICK BANK & TRUST COMPANY
NEW BRUNSWICK, NJ 08901-3402
FOR DEPOSIT ONLY

DOLLARS $    4,510.36

PAY
TO THE
ORDER
OF

**NORTHERN MEDICAL CARE PC**
**C/O GARY TSIRELMAN PC**
**129 LIVINGSTON STREET 2ND AND 3RD F**
**BROOKLYN, NY 11201**

GTMDJD
WITHOUT PRE

NOV -5 2019
CAMBRIDGE CHECK CASHING
SERVICE LLC/ DBA UNITED CHECK CASHING
LICENSED CASHIER OF CHECKS

AUTHORIZED SIGNATURE

⑈01629946⑈                                                                        1 ⌐

