# Mestechkin Law Group P.C.

Oleg A. Mestechkin
Wing K. Chiu
Nancy Lam

South Brooklyn Office
1733 Sheepshead Bay Road • Suite 29
Brooklyn, NY 11235
212.256.1113
om@lawmlg.com

Times Square Office
1001 Ave of the Americas • 11th Fl.
New York, NY 10018
212.256.1113
om@lawmlg.com

July 19, 2021

**VIA ECF**

Hon. Judge Lois Bloom, U.S.M.J.
U.S. District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 613-2170

      Re:    <u>Gov. Employees Insur. Co. v. Northern Med. Care, P.C.</u>, No. 20-cv-01214

Dear Honorable Judge Bloom:

      We are the attorneys for Non-Parties, Kubachi, Inc., d/b/a Quality Services, Tovushi Inc., ROM BLT Inc., OHR Imaging, Global Inc., Any Choice Supply Corp., Sono Diagnostic LLC and Brooklyn Geeks Inc. We submit this letter motion, under Rules 26(b)(1), 26(b)(2)(C), and 45(d)(3) of the Federal Rules of Civil Procedure to quash the June 25, 2021 subpoena ("Subpoena") issued by Plaintiffs to East West Bank for the banking records of the Non-Parties.[1] Prior to making this motion, the Non-Parties conferred with Plaintiffs on July 8, 2021 in a good-faith attempt to resolve the Non-Parties' privacy concerns, which was unsuccessful. The Subpoena (*attached as* Ex. A) seeks from East West Bank the following for each Non-Party:

> All documents that are related to account [#---------], and any other account that has been maintained by: [Non-Party] including copies of all deposit and/or withdrawal slips (including offsets), canceled checks, transaction statements, electronic fund transfers, wire transfers, account ledgers, account formation and governance documents, corporate resolutions, signature cards, powers of attorney, and all correspondence related to the accounts.

**I.**    **Statement Of Facts.**

      The Complaint in this case alleges that certain Defendants including, Northern Medical Care PC, its owner Dr. Omar Ahmed, Queens Wellness Medical PC, its owner Dr. Madhu Boppana, Restoralign Chiropractic PC, and its owner Dr. David Krasner (the "PC Defendants"), engaged in a fraudulent scheme of improperly billing Plaintiffs for unnecessary services and overbilling for those services. (*See* Compl. ¶¶ 5-6, 42-43; 108-584 (Dkt. 1).)

---

[1] Many courts have held that a non-party's privacy interest in its own bank and financial records confers standing on a motion to quash. *See, e.g., Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13-CV-1654(RA), 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (non-party subsidiary of defendant had standing to quash subpoena directed to non-party's accountant); *Solow v. Conseco, Inc.*, 06 Civ. 5988(BSJ)(THK), 2008 WL 190340 at *3-4 (S.D.N.Y. Jan. 18, 2008) (non-parties alleged to have participated in fraud with defendant had standing to quash subpoenas directed to non-parties' banking records); *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 92-93 (S.D.N.Y.2002) (non-party Mohawk Tribe had standing to quash subpoena directed to Tribe's bank).

The Complaint also alleges that the PC Defendants paid kickbacks to Defendant Igor Mayzenberg, and his alter ego companies, Wei Dao Acupuncture and Boruch Laosan, Inc. (the "Mayzenberg Defendants") for use of the space in which the PC Defendants operated (*id*. ¶ 102).

The Complaint then alleges that both the PC Defendants and the Mayzenberg Defendants paid kickbacks to certain non-defendant parties who referred patients to the PC Defendants (*id*. ¶¶ 44-64), including to Tamilla Dovman, Igor Dovman and his shell entities, SGB Supply Inc., AC Billings & Collections Inc., Robert H. Consulting Inc., JER Advertising & Consulting, and MN Surgical Supplies (*id*. ¶¶ 71-76; *see also* I. Dovman Mar. 9, 2018 Dep. Tr. Mar. 9, 2018 in *Geico v. Mayzenberg*, No. 17-cv-02802 (S.D.N.Y.), which was submitted in this proceeding at Dkt. 36-3)), Tea Kaganovich (*id*. ¶ 94); Ramazi Mitaishvilli (*id*. ¶ 94), New York No Fault Doctors (*id*. ¶ 105), Nina Brouck Advertisement, LLC (*id*. ¶ 105), Dona Catalina Marketing, LLC (*id*. ¶ 105), Alper Transportation (*id*. ¶ 93).

The Complaint alleges that the PC Defendants and the Mayzenberg Defendants paid kickbacks through certain defendant and non-defendant companies, including Queens Corona (*id*. ¶ 85), Science and Art (*id*. ¶ 89), Restoralign (*id*. ¶ 91), Sanli Co. (*id*. ¶ 44) and Laogang Co. (*id*.).

## II.     The Challenged Subpoena Seeks Records That Are Irrelevant and Overbroad.

To prevail on a motion to quash, the Non-Parties need only show that the discovery sought is not "relevant to any party's claim or defense," or is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Here, Plaintiffs' Subpoena violates both requirements.

First, the Subpoena is irrelevant to any issues in this case. For example, Plaintiffs do not allege that the Non-Parties engaged in, or were conduits of other Defendants, in committing any fraudulent billing practices. (*See* Compl. ¶¶ 5-6, 42-43; 108-584 (Dkt. 1).) Plaintiffs do not allege that Non-Parties engaged in, or were conduits of other Defendants, in the payment of kickbacks. (*See id*. ¶¶ 44-45, 85-91.) Plaintiffs do not allege that the Non-Parties are the recipients of any kickbacks. (*See id*. ¶¶ 71-76, 93-94, 105). Although Plaintiffs suggest that the Non-Parties may be some of the unnamed recipients of kickbacks (*see id*. ¶¶ 89, 91), Plaintiffs did not identify this connection in their meet and confer with the Non-Parties. Thus, Plaintiffs' Subpoena is irrelevant to any issues in this case and should be quashed. *See, e.g., Henry v. Morgan's Hotel Group, Inc.*, No. 15–CV–1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016).

Second, even if the financial information of the Non-Parties was relevant to the issues in this case, for example to show that the Non-Parties were recipients of any payments from Defendants, that information can be confirmed with a simple request for the production of checks or wire transfers received by the Non-Parties from any of the Defendants identified in the Complaint as allegedly making so-called "kickback" payments – documents which the **Non-Parties offered to search for and produce to Plaintiffs** in the July 8, 2021 meet and confer, but which the **Plaintiffs rejected**.

The Plaintiffs were still insisting on information from the identified accounts and all **related** accounts (without defining any limits for any relationships), in addition to a dizzying array of document types including "copies of all deposit and/or withdrawal slips (including offsets), canceled checks, transaction statements, electronic fund transfers, wire transfers, account ledgers, account formation and governance documents, corporate resolutions, signature cards, powers of attorney, and all correspondence related to the accounts".

2

Such a clear fishing expedition would sweep within its epic scope a potentially endless range of accounts and account transactions of the Non-Parties that have nothing to do with demonstrating alleged kickbacks or any other issues in the case, including for example, the private transactions between the Non-Parties and its many customers – none of whom are defendants in this case and none of whom ever imagined that their transactions would be disclosed in a federal lawsuit, in some instances four or five years after the transactions were consummated. There simply has to be *some* limits.

As the Court held in *Allstate Insur. Co. v. All County, LLC*, 19-CV-7121-WFK-SJB, 2020 WL 5668956, at *2 (E.D.N.Y. Sept. 22, 2020), if the Plaintiffs wanted financial records reflecting transactions between Defendants and other alleged fraud participants, Plaintiffs could simply ask, *e.g.*, for "financial information about transactions between [defendant] and [other fraud participants]" and not "take a blunderbuss approach" of seeking "all documents" from Defendant's bank account, including all "account application documents, accounting opening documents, all statements, cancelled checks, wire transfers (regardless of source) in and out of the account, and '[a]ny and all related correspondence.'" Therefore, as the Court did in *All Country* with almost exactly the same type of overbroad request, this Court should also quash Plaintiffs' Subpoena here as disproportionate to the needs of the case based on the considerations set forth in Rule 26.

Third, if Plaintiffs are using Subpoenas to look for companies who allegedly received "kickback" payments, they can **obtain the sought information directly from the parties who made those payments**. Specifically, since the alleged kickback payments are being attributed to Defendants, Plaintiffs can obtain the sought information from routine discovery of the Defendants already in this case, such that the Subpoena here is of marginal utility. Where Plaintiffs can obtain the requested information from other sources, courts routinely quash subpoenas which seek that same information. *See, e.g., Burns v. Bank of Am.*, No. 03-cv-01685 (RMB) (JCF), 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (granting motion to quash where subpoena was duplicative of discovery requests served on defendant); *Zoological Soc. of Buffalo, Inc.*, No. 10-CV-35A (Sr), 2013 WL 5652759, at *3 (W.D.N.Y. Oct. 15, 2013) concluding subpoena was unduly burdensome where documents at issue "could easily have been requested of [the plaintiff] during the normal course of discovery"). Thus, the Court should quash Plaintiffs' Subpoena on this grounds as well.

Because the information requested in the Subpoena is irrelevant to any issues in this case, because the requests are extremely overbroad and because Plaintiffs can obtain the requested information from parties already in the case, Non-Parties respectfully requests that the Court grant their motion to quash the Subpoena in its entirety.

Respectfully submitted,

*/s/ Oleg A. Mestechkin*
Oleg A. Mestechkin, Esq.

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2021, I served the foregoing document via electronic filing with the Clerk of the Court using the CM/ECF filing system.

>*/s/ Nancy Lam*
>Oleg A. Mestechkin (OM4108)
>Wing K. Chiu, Esq. (WC5637)
>Nancy Lam (NL4630)
>**MESTECHKIN LAW GROUP P.C.**
>1733 Sheepshead Bay Road, Suite 29
>Brooklyn, NY 11235
>Tel. (212) 256-1113
>Fax. (646) 365-2069
>om@lawmlg.com
>wkc@lawmlg.com
>nl@lawmlg.com
>
>*Attorneys for Non-Parties Kubachi, Inc., d/b/a Quality Services, Tovushi Inc., ROM BLT Inc., OHR Imaging, Global Inc., Any Choice Supply Corp., Sono Diagnostic LLC and Brooklyn Geeks Inc. for the purpose of Motion to Quash*