UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GOVERNMENT EMPLOYEES
INSURANCE COMPANY, et al.,

            Plaintiffs,

  -against-

NORTHERN MEDICAL CARE, P.C.,
et al.,

           Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-01214-FB-LB

*Appearances:*
*For the Plaintiff*:
BARRY I. LEVY, ESQ.
GARIN SCOLLAN, ESQ.
STEVEN HENESY, ESQ.
MICHAEL A. SIRIGNANO, ESQ.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556

*For the Defendants*:
MICHAEL A. ZIMMERMAN, ESQ.
DAVID S. DENDER, ESQ.
Zimmerman Law, P.C.
315 Walt Whitman Road, Suite 215
Huntington Station, NY 11746

PETER J. CREEDON, ESQ.
Creedon & Gill, P.C.
24 Woodbine Avenue, Suite 14
Northport, NY 11768

MATTHEW J. CONROY, ESQ.
Schwartz, Conroy & Hack, P.C.
666 Old Country Road, Suite 900
Garden City, NY 11530

**BLOCK, Senior District Judge:**

      Plaintiffs (collectively "GEICO") bring this action against Northern Medical

Care, P.C., Omar F. Ahmed, M.D., Queens Wellness Medical, P.C., Madhu Babu

1

Boppana, M.D., Restoralign Chiropractic, P.C., David S. Krasner, D.C., Wei Dao Acupuncture, P.C., Boruch Laosan, Inc., Igor Mayzenberg, L.Ac., and Queens Corona Medical, P.C.[1] GEICO alleges that defendants committed civil RICO violations, engaged in common law fraud, and have been unjustly enriched through their actions. Additionally, GEICO seeks a declaratory judgement that defendants may not recover on any of the outstanding bills submitted to GEICO.

GEICO now moves for a preliminary injunction[2] to (1) stay all of defendants' pending no-fault insurance collection arbitrations against GEICO and (2) enjoin the defendants from commencing any new arbitrations and state court cases.

This Court has addressed a series factually similar cases and has explained why granting GEICO's motion is appropriate. *See Gov't Emps. Ins. Co. v. Moshe*, No. 1:20-CV-1098-FB-RER, 2020 WL 3503176 (E.D.N.Y. June 29, 2020); *Gov't*

---

[1] Defendants Queens Wellness Medical, P.C. and Madhu Babu Boppana, M.D. were removed from the litigation on March 5, 2021.

[2] In order to justify a preliminary injunction, the movant must establish "(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183-84 (2d Cir. 2019) (internal citations and quotations omitted). "Likelihood of success is not the focus at the early stages of a case such as this, because any likelihood of success inquiry would be premature. Instead, the Court looks to whether there is a serious question going to the merits to make them a fair ground for trial." *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013).

*Emps. Ins. Co. v. Zilberman*, No. 1:20-CV-00209-FB-RML, 2021 WL 1146086 (E.D.N.Y. Mar. 25, 2021); *Gov't Emps. Ins. Co. v. Zaitsev*, No. 1:20-CV-03495-FB-SJB, 2021 WL 3173171 (E.D.N.Y. July 27, 2021). Numerous judges in the Eastern District of New York have granted the relief GEICO seeks following substantially similar allegations. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Parisien*, 352 F. Supp. 3d 215 (E.D.N.Y. 2018) (Glasser, J.); *see also Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, 435 F. Supp. 3d 443 (E.D.N.Y. 2020) (Matsumoto, J.); *Gov't Emps. Ins. Co. v. Cean*, No. 1:19-CV-2363-PKC-SMG, 2019 WL 6253804 (E.D.N.Y. Nov. 22, 2019) (Chen, J.). The Court re-adopts the reasoning in *Moshe*, *Zilberman*, and *Zaitsev*.

## CONCLUSION

Based on the foregoing, GEICO's motion for a preliminary injunction is **GRANTED**. A preliminary injunction is issued (1) staying all of defendants' pending arbitrations against GEICO and (2) enjoining defendants from commencing new no-fault arbitrations and litigations against GEICO until resolution of the instant federal court action.

The security requirement enumerated in Federal Rule of Civil Procedure

65(c) is waived because "GEICO undoubtedly has the ability to pay if defendants prevail." *Moshe*, 2020 WL 3503176, at *4; *see also Wellmart RX, Inc.*, 435 F. Supp. 3d at 456.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 27, 2021