UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE CO., and GEICO
CASUALTY CO.,

                Plaintiffs,                      **REPORT & RECOMMENDATION**
                                                   **AND CERTIFICATION OF FACTS**
                                                       **20 CV 1214 (FB) (LB)**

      -against-

NORTHERN MEDICAL CARE, P.C.,
OMAR F. AHMED, M.D., RESTORALIGN
CHIROPRACTIC, P.C., DAVID S. KRASNER, D.C.,
WEI DAO ACUPUNCTURE, P.C., BORUCH
LAOSAN, INC., IGOR MAYZENBERG, L.Ac.,
and QUEENS CORONA MEDICAL, PC,

                Defendants.
-------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       Plaintiffs move to hold non-party Uldis Livzemnieks in contempt for failing to comply with two properly served subpoenas to appear at his deposition, one of which was Court-ordered. ECF No. 81. I respectfully recommend that plaintiffs' motion for contempt against Livzemnieks should be granted.[1] In accordance with 28 U.S.C. § 636(e), I certify the following facts constituting Mr. Livzemnieks' contempt and hereby order Mr. Livzemnieks to show good cause in writing to the Honorable Frederic Block, United States District Judge, by November 19, 2021, why he should not be held in civil contempt and punished for such contempt.

    **I.**        **Magistrate Judge's Contempt Authority**

       Under certain circumstances, a magistrate judge may rule on a motion for civil contempt: in cases in which the parties consented to the magistrate judge's jurisdiction under 28 U.S.C.

---

[1] Plaintiffs' motion was initially brought against Livzemnieks and non-party Natan Yusufov. Plaintiffs withdrew their motion as to Yusufov on October 28, 2021. ECF No. 82.

§ 636(c) and in misdemeanor proceedings under 18 U.S.C. § 3401. 28 U.S.C. § 636(e)(4). In all other cases, the magistrate judge shall certify facts relevant to the issue of civil contempt to the assigned district judge and may order the person whose behavior is alleged to constitute contempt to appear before the district judge to show cause why they should not be held in contempt. Id. § 636(e)(6)(B)(iii); Giuliano v. N.B. Marble Granite, 11-MC-00753, 2014 WL 2805100, at *1–2 (E.D.N.Y. June 20, 2014) (the magistrate judge must certify the facts constituting contempt in non-consent civil cases). "The certification of facts under section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." Church v. Steller, 35 F. Supp. 2d 215, 216–17 (N.D.N.Y. 1999).

### II.     Standards for Civil Contempt

Rule 45(g) of the Federal Rules of Civil Procedure provides that the Court issuing a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). It is appropriate to hold a party in civil contempt for failure to comply with a court order if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, (3) the contemnor has not diligently attempted to comply in a reasonable manner." Giuliano 2014 WL 2805100, at *5 (internal quotation marks and citation omitted).

Rule 45 applies to non-parties like Mr. Livzemnieks. See Mauro v. Countrywide Home Loans, Inc., 07-CV-1268 (JFB)(WDW), 2009 WL 3453570, at *2–3 (E.D.N.Y. Oct. 21, 2009) (motion to find non-party in contempt of court). Especially where the person is a non-party, "courts have generally been reluctant to invoke contempt powers for failure to comply with a subpoena without the prior issuance of a court order compelling that compliance . . . ." NXIVM Corp. v. Bouchey, 11-MC-0058 (GLS)(DEP), 2011 WL 5080322, at *83 (N.D.N.Y. Oct. 24, 2011) (citing

cases). "'Before imposing sanctions for civil contempt, due process requires that the person receive notice and an opportunity to be heard.'" Mauro, 2009 WL 3453570, at *1 (quoting Sanchez v. Pathmark Stores, 04 Civ. 1159, 2009 WL 398103, at *1 (S.D.N.Y. Feb. 17, 2009).

### III.   Certified Facts

The Court certifies that plaintiffs have set forth a *prima facie* case for contempt against Uldis Livzemnieks based on the following facts. Plaintiffs initiated this action against defendants on March 5, 2020. ECF No. 1. On June 11, 2021 plaintiffs served Mr. Livzemnieks with a subpoena to appear at a deposition scheduled for June 29, 2021. ECF No. 81-2, 81-3. Mr. Livzemnieks failed to appear for his scheduled deposition. Declaration of Steven T. Henesy (hereinafter "Henesy Decl."), ECF No. 81-1 ¶¶ 4–5. On August 23, 2021 plaintiffs moved for an order compelling Mr. Livzemnieks to comply with the subpoena and appear for his deposition. ECF No. 68. The Court held a status conference on September 14, 2021 and granted plaintiffs' motion to compel as to Mr. Livzemnieks. Docket Entry 09/14/2021. The Court then so-ordered a subpoena requiring Mr. Livzemnieks to appear for his deposition. ECF No. 74. Plaintiffs served Mr. Livzemnieks with the so-ordered subpoena on September 24, 2021. ECF No. 81-4. Mr. Livzemnieks' deposition was scheduled for October 15, 2021. ECF No. 73-3. Mr. Livzemnieks failed to appear for his deposition and did not contact plaintiffs' counsel to request an adjournment. Henesy Decl. ¶¶ 4–6. Plaintiffs now move for an order of civil contempt against Uldis Livzemnieks. ECF No. 81.

### IV.   Analysis and Conclusion

Plaintiffs served two subpoenas on Mr. Livzemnieks which were "clear and unambiguous": the subpoenas identified the date, time, and location of the deposition, as well as the requirement that Mr. Livzemnieks timely appear. ECF Nos. 73-3, 81-2. Mr. Livzemnieks did not comply with

3

the subpoenas. Plaintiffs' counsel attests to Mr. Livzemnieks' failure to appear for either deposition. Henesy Decl. ¶¶ 4–6. Finally, it is clear that Mr. Livzemnieks has made no effort to comply with the Court's orders, such as contacting plaintiffs or requesting an adjournment of his deposition. Id. I therefore respectfully recommend that unless Mr. Livzemnieks shows good cause in writing on or before November 19, 2021, the Court should hold Uldis Livzemnieks in contempt for his failure to comply with the Court's order to appear for his deposition on October 15, 2021.

Plaintiffs' counsel shall serve a copy of this Order on Mr. Livzemnieks and file proof of service forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985). SO ORDERED.

                                                                          /S/
                                                 LOIS BLOOM
                                                 United States Magistrate Judge

Dated: November 3, 2021
      Brooklyn, New York